NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2746
_____

ACE PALLET CORPORATION; CHESTER MACINTYRE;
CYNTHIA UNGER; DEAN UNGER; DOREEN MCINTYRE,

Appellants

v.

CONSOLIDATED RAIL CORPORATION; NORFOLK SOUTHERN RAILWAY
COMPANY; CSX TRANSPORTATION CORPORATION, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-16-cv-01614)
District Judge: Honorable Robert B. Kugler
_____

Submitted April 4, 2019
Before: CHAGARES and HARDIMAN, *Circuit Judges*, and GOLDBERG, District
Judge.*

(Filed: April 5, 2019)

_____

* Honorable Mitchell S. Goldberg, District Judge of the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION**

_____

HARDIMAN, *Circuit Judge.*

Ace Pallet Corporation and its owners (collectively, Ace Pallet) appeal a summary judgment in favor of Consolidated Rail Corporation and its corporate parents (Conrail). Ace Pallet sued Conrail in tort over a chemical spill caused by a train derailment in Paulsboro, New Jersey. Ace Pallet claimed a total business loss and a loss of value in its real property. In support of those damages, Ace Pallet proffered two experts, but the District Court excluded their testimony under Rule 702 of the Federal Rules of Evidence. Deprived of the ability to prove causation or damages, summary judgment in favor of Conrail was a foregone conclusion. The dispositive question in this appeal is whether the District Court abused its discretion when it struck the expert testimony under Rule 702.

I[1]

Ace Pallet retained business valuation expert Chad Keeports to evaluate the economic impact of the train derailment on November 30, 2012. Keeports valued Ace Pallet's business at $580,000 as of the day before the derailment. Keeports then assumed the following to be true: (1) vinyl chloride emanating from the derailed train

_____

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441. We have jurisdiction under 28 U.S.C. § 1291.

2

contaminated Ace Pallet's property, equipment, and inventory; (2) the property was inaccessible for three to four months; (3) customers were unwilling to purchase Ace Pallet inventory for fear of contamination; and (4) Ace Pallet could not relocate the business. Based on these assumptions, Keeports opined that the derailment caused a total loss of Ace Pallet's business and estimated Ace Pallet's damages to be $638,993, which included additional expenses Ace Pallet incurred after the derailment.

The District Court excluded Keeports's opinions for want of a sufficient factual basis. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). To be admissible, expert testimony must be "accompanied by a sufficient factual foundation." *Elcock v. Kmart Corp.*, 233 F.3d 734, 755 (3d Cir. 2000) (quoting *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 98 (3d Cir. 1983)). As the District Court noted, no facts of record proved that Ace Pallet suffered a total business loss as a result of the train derailment. This was not, for example, a fire that completely destroyed Ace Pallet's place of business; it was a vinyl chloride spill that may or may not have impacted the business beyond the roughly two-week evacuation period imposed by the authorities. Supported only by Ace Pallet's claim "that they cannot operate and that they cannot return to operations," App. 123, Keeports's testimony "was too speculative to be presented to the jury." *Elcock*, 233 F.3d at 755. The District Court did not err when it excluded this testimony.

Ace Pallet's property appraisal expert, Edward Molinari, was also precluded from testifying after the District Court found his testimony did not "fit" the facts of this case.

3

*See Daubert*, 509 U.S. at 591. Although Molinari may have accurately appraised Ace Pallet's property as of the day before the derailment, he provided no connection between that appraisal and the property's sale price three years later. In a too-simplistic analysis like the one proffered by Keeports, Molinari merely identified the difference in value between his pre-derailment appraisal and the price for which the property sold three years later. Molinari was not asked to gauge the effect of the derailment on the value of the real estate, so he made no attempt to do so. Nor did Molinari seek to quantify the effect of myriad other factors that might have affected the sale price. Without the "fit" required by *Daubert*, and without an analysis of the derailment's effect on the property value, the District Court had no choice but to exclude Molinari's testimony as well.

II

Without the testimony of Keeports or Molinari, Ace Pallet had no way to prove damages. And because damages were an essential element of Ace Pallet's negligence claim, s*ee Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014), summary judgment was proper.

The lack of causation dooms Ace Pallet's case as well. The effect of vinyl chloride exposure on a pallet business or industrial property is beyond "an ordinary juror's common sense and experience." *Tormenia v. First Inv'rs Realty Co.*, 251 F.3d 128, 132 (3d Cir. 2000) (noting New Jersey law requires expert testimony "in cases where lay jurors confront causation issues that are too complex to be understood without the

4

assistance of specialized expert testimony"). Accordingly, the lack of causation provides independent support for the District Court's summary judgment.

\* \* \*

Ace Pallet's experts did not make the grade required by Rule 702, so the District Court rightly excluded their testimony. The exclusion of that testimony prevented Ace Pallet from proving causation or damages. Because both were necessary components of Ace Pallet's cause of action, we will affirm Conrail's summary judgment.